IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANK JOHNSON,

    Plaintiff,

v.                                                                            Civil Action No. **3:20CV412**

JUSTIN F. ANDREWS,

    Defendants.

**MEMORANDUM OPINION**

Frank Johnson, a District of Columbia Code Offender incarcerated in the Federal Correctional Complex in Petersburg, Virginia, proceeding *pro se*, submitted this 28 U.S.C. § 2241 Petition.[1] (ECF No. 1.)[2] Johnson alleges that the Bureau of Prisons ("BOP") has "unlawfully taken good conduct time" from him. (*Id.* at 3.) The matter is before the Court on the Motion to Dismiss filed by Respondent. (ECF No. 6.) For the reasons stated below, the Motion to Dismiss will be DENIED WITHOUT PREJUDICE.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless--
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] The Court employs the numbering and pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions.

Respondent argues that Johnson's sentence has been properly calculated. In support of that position, Respondent submits a number of documents, including the Declaration of Robin Teters, a Management Analyst at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas ("Teters Declaration"). (ECF No. 7-1, at 1, 3.)

Teters states that "[t]he BOP initially computed [Johnson's] sentence as a 180-month term of imprisonment, where he earned 54 days of Good Conduct Time . . . per year." (*Id.* ¶ 5.) However, after receiving an email from an Assistant United States Attorney who was "concern[ed] that [Johnson] was not serving his mandatory minimum term of 15-years pursuant to D.C. Code § 22-2803" (*id.*), Johnson's "sentence computation was updated" (*id.* ¶ 6). Teters explains that now, because Johnson's "overall aggregate term of imprisonment is not greater than the mandatory minimum term [that Johnson received], his sentence cannot be reduced by [good conduct time]," and therefore, Johnson must serve his sentence "in its entirety." (*Id.*)

There are a number of issues with Respondent's Motion to Dismiss. First, Respondent fails to point to any relevant authority that would allow the Court to consider the Teters Declaration, or the related documentation, without converting Respondent's Motion to Dismiss into a Motion for Summary Judgment.[3] Second, Teters failed to properly sign her declaration. Third, in her declaration, Teters fails to articulate clearly the specific prison policy or law that she

---

[3] When reviewing a motion to dismiss, the Court may consider materials outside of the pleadings if the materials are "integral to and explicitly relied on in the complaint." *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (citation omitted). Respondent fails to adequately explain how the Teters Declaration and the related exhibits are integral to Johnson's claim. Further, "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). At this juncture, Johnson has not been afforded an opportunity to present all materials pertinent to a motion for summary judgment. Accordingly, the Court will not *sua sponte* convert Respondent's Motion to Dismiss to one for summary judgment.

maintains supports the BOP's "updated" computation of Johnson's sentence, much less explain how it is applicable to the facts of this case. Accordingly, the Motion to Dismiss (ECF No. 6) will be DENIED WITHOUT PREJUDICE.

Within thirty (30) days of the date of entry hereof, Respondent must file a motion for summary judgment. Johnson must file any response within thirty (30) days thereafter.

An appropriate Order shall issue.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 12 July 2021
Richmond, Virginia